**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

WORLD CHESS MUSEUM, INC. d/b/a )
WORLD CHESS HALL OF FAME )
        Plaintiff, )
    vs. )
WORLD CHESS FEDERATION, INC., )
and )
STAN VAUGHAN, Individually, )
        Defendants. )

2:13-cv-00345-RCJ-GWF

**ORDER**

    This case arises out of an alleged infringing use of, and claim of ownership in, a registered service mark. Pending before the Court is a motion to dismiss the claims against Defendant Stan Vaughan (ECF No. 14). For the reasons given herein, the Court denies the motion.

I.   BACKGROUND

    Plaintiff World Chess Hall of Fame ("Plaintiff" or "WCHOF") brings this action, asserting claims of trademark infringement, unfair competition, and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051–1127, as amended (the "Lanham Act"). (Compl. ¶¶ 52–102, Feb. 28, 2013, ECF No. 1). Plaintiff also asserts claims of statutory and common law trademark infringement, unfair competition, and trademark dilution under state law. (*Id*.). The dispute concerns the defendants' use of the WORLD CHESS HALL OF FAME® mark, of which Plaintiff claims exclusive ownership. (*Id.* ¶ 8). Defendant World Chess Federation ("WCF") is a non-profit corporation organized under the laws of the State of Nevada, offering services such as chess tournaments and chess instruction. (*Id.* ¶ 16). Defendant Stan

Vaughan ("Vaughan") is allegedly "the founder of, an officer of, and the principal actor behind" Defendant WCF. (*Id.*). Plaintiff claims that Vaughan, both individually and through WCF, knowingly and willfully engaged in various infringing or otherwise tortious activities. (*Id.* ¶¶ 16–51). Vaughan has moved to dismiss, arguing that he is immune from liability under the Volunteer Protection Act, codified at 42 U.S.C § 14501 *et seq.* (ECF No. 14, at 4).[1]

## II. LEGAL STANDARDS

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that

---

[1] Although Defendant has repeatedly asserted that he "presents [his] Motion to Dismiss pursuant to FRCP 12(b)(5)," (Mot. to Dismiss, ECF No. 14, at 1; Reply, ECF No. 20, at 1), he has alleged nothing with respect to the service of process, and has instead established and argued under the Rule 12(b)(6) standard for failure to state a claim upon which relief can be granted. Therefore, the Court will treat this Motion as a motion to dismiss for failure to state a claim.

is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

Generally a court will not dismiss a complaint for failure to state a claim under Rule 12(b)(6) when a defendant merely pleads affirmative defenses. This is because a plaintiff does not need to anticipate and attempt to plead around all potential defenses. *See Gomez v. Toledo*, 446 U.S. 635 (1980); *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem*, 372 F.3d at 901. Similarly, a motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). However, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are

contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.   ANALYSIS**

Vaughan asserts that he is entitled to dismissal under Rule 12(b)(6) because he has an affirmative defense under the Volunteer Protection Act ("VPA"), which, he claims, immunizes him from liability for the corporate acts of WCF. (*See* Mot. to Dismiss, ECF No. 14, at 4). This argument fails.

The VPA provides, in relevant part, that "no volunteer of a nonprofit organization . . . shall be liable for harm caused by an act or omission of the volunteer" if several elements are satisfied. *See* 42 U.S.C §14503(a). These elements include, *inter alia*, showing that (1) the volunteer was acting within the scope of his or her responsibilities at the time of the act or omission; (2) the volunteer was properly authorized by the appropriate authorities to serve in the position held; and (3) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed. § 14503(a)(1)-(3).

The few courts to address the VPA's protections appear to treat it as an affirmative defense akin to immunity. *Armendarez v. Glendale Youth Ctr., Inc.*, 265 F. Supp. 2d 1136, 1141 (D. Ariz. 2003) (granting a motion to dismiss where the plaintiff stipulated that the defendants were volunteers within the meaning of the VPA, and noting that "dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense"); *Lomando v. United States*, 667 F.3d 363, 370 (3d Cir. 2011) ("[T]he VPA . . . grants immunity only to volunteers of nonprofit organizations."). As an affirmative defense, the VPA does not entitle Defendants to dismissal under Rule 12(b)(6) unless that "defense raises no disputed issues

of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *cf. Gomez v. Toledo*, 446 U.S. 635 (1980) (holding that qualified immunity is an affirmative defense and thus plaintiff has no "obligation to anticipate such a defense by stating in his complaint" any facts to avoid the defense).

Vaughan himself acknowledges that "[a]s an affirmative defense, the VPA does not entitle [him] to dismissal under Rule 12(b)(6), unless 'that defense raises no disputed issues of fact.'" (Mot. to Dismiss, ECF No. 14, at 4–5 (quoting *Scott*, 746 F.2d at 1378)). However, Vaughan has pointed to nothing in the Complaint that even remotely discloses any of the elements of his VPA defense, and therefore, he has failed to demonstrate that the elements of his defense are not subject to dispute. Moreover, he has failed to allege any facts showing that he engaged in the disputed conduct as a volunteer acting within the scope of his responsibilities as a volunteer. Instead, he merely asserts that it is "undisputed" that he is the treasurer of Defendant WCF. (*Id.* at 2).[2] In contrast, Plaintiff alleges that Vaughn, while in this position, engaged in acts constituting knowing and willful trademark infringement and unfair competition. (Compl. ¶¶ 52–102, ECF No. 1). At a minimum, this shows the existence of a disputed issue of fact as to whether Vaughan was acting within the scope of his responsibilities as a volunteer treasurer at the time of the alleged harm. Further, because Plaintiff alleges that Vaughan knowingly and willfully violated various federal and state intellectual property laws, Vaughan's assertion of the VPA defense, which implies that the conduct was neither knowing nor willful, necessarily raises a disputed issue of fact. Therefore, Vaughn cannot rely on the VPA as a basis for dismissal under Rule 12(b)(6). Accordingly, Vaughn's Motion to Dismiss (ECF No. 14) is denied.

---

[2] While Vaughan alleges that it is "undisputed that [he] is Treasurer for World Chess Federation," the exhibit he has attached in support of this allegation lists "Stan Banghan" as World Chess Federation's current treasurer. (Mot. to Dismiss, ECF No. 14-1, at 2).

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 14) is Denied.

IT IS SO ORDERED.

Dated: This 15th day of October, 2013.

_____
ROBERT C. JONES
United States District Judge