**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WORLD CHESS MUSEUM, INC., | |
| Plaintiff, | 2:13-cv-00345-RCJ-GWF |
| vs. | **ORDER** |
| WORLD CHESS FEDERATION, INC. et al., | |
| Defendants. | |

This case arises from Defendants' alleged infringement of Plaintiff's trademark, World Chess Hall of Fame®.  Before the Court is Plaintiff's Objection (ECF No. 70) to an order of the Magistrate Judge that lifted the stay in this case.

**I.   BACKGROUND**

This action was filed on February 28, 2013, (ECF No. 1).  Defendant World Chess Federation, Inc. ("WCF") counterclaimed against Plaintiff on April 22, 2013 for trademark infringement and unfair competition based on WCF's claimed marks: World Chess Federation® and World Chess Federation Hall of Fame. (ECF No. 15).  At the time of WCF's filing, Defendant Stan Vaughn was the owner of the World Chess Federation Hall of Fame mark, which he subsequently transferred to WCF on May 14, 2013.  On May 20, 2013, Vaughn and his wife, Tatiana Vaughn (collectively, "Debtors"), filed for Chapter 7 bankruptcy.

1

An issue currently pending in the bankruptcy court is whether Debtors fraudulently or otherwise illegally transferred the World Chess Federation Hall of Fame mark to WCF in an attempt to exclude it from the bankruptcy estate.  Allegedly, Debtors bankruptcy petition and accompanying schedules failed to disclose the transfer of the claimed mark or Debtors' positions as officers or directors of WCF. (*See* Statement of Financial Affairs, ECF No. 32-5, at 30, 32–33).  Recognizing the impact that the bankruptcy court's ruling would have on the instant case, the parties stipulated to stay the case on December 24, 2013 pending the outcome of the Trustee's adversarial proceeding.  The Magistrate Judge accepted the stipulation on December 26, 2013 and ordered that the parties submit a status report every ninety days. (ECF No. 60).

On February 12, 2015, Defendants filed a motion to lift the stay. (ECF No. 66).  On March 18, 2015, the Magistrate Judge held a hearing to consider Defendants' motion. (ECF No. 69).  At the end of the hearing, the Magistrate Judge granted the motion to lift the stay and ordered that the parties meet and confer to conduct a Rule 26(f) conference.  Plaintiff has now filed an Objection to that order (ECF No. 70), arguing that efforts in this case could be rendered moot depending on the bankruptcy court's ruling in the adversary proceeding.

**II.   LEGAL STANDARD**

Neither party articulates the appropriate standard for challenging the ruling of a magistrate judge.  Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge . . . where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.").  "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (internal quotation marks omitted).  A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

**III.   DISCUSSION**

After listening to the recording of the March 18, 2015 hearing, it is clear that the Magistrate Judge lifted the stay because he found that certain discovery conducted in this case may be relevant to the proceedings pending in bankruptcy court and would therefore not amount to wasted efforts regardless of the resolution of the adversary proceeding. (Hr'g Recording, Mar. 18, 2015, at 17:52).  The Magistrate Judge was concerned that if the stay was left in place, this case might sit idle for at least another year while the adversary proceeding was resolved. (*Id.* at 17:40).  He acknowledged, however, that the stay was originally put in place so that the factual issues regarding WCF's interest in the claimed mark could be determined before WCF was allowed to proceed on its counterclaims. (*Id.* at 17:43).

To strike an equitable balance between protecting Plaintiff from what could turn out to be unnecessary work and nudging this case forward, the Magistrate Judge determined that some limited discovery that is not unduly burdensome could be helpful. (*Id.* at 18:00).  Accordingly, he granted Defendants' motion to lift the stay under the condition that the parties reach an agreement regarding the scope of discovery such that Plaintiff's interests are protected.  He ordered the parties to submit a proposed discovery plan and scheduling order by April 20, 2015, which they did. (*See* ECF No. 72).  The Magistrate Judge advised that if the parties could not come to an agreement regarding the limited scope of the discovery plan, they should note that in

the proposal for his review. (*See* Minute Order, ECF No. 69). On April 28, 2015, the Magistrate Judge accepted the parties' proposed discovery plan.

The Court finds that nothing in the Magistrate Judge's reasoning reflects clear error, nor was the decision to grant Defendants' motion contrary to law. Rather, the order presents a reasonable compromise between preventing potentially wasteful discovery efforts and ensuring that this case, which has already sat idle for two years, does not remain stagnant. Plaintiff has not demonstrated that the order warrants reversal.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Objection (ECF No. 70) is DENIED.

IT IS SO ORDERED.

Dated this 7th day of May, 2015.

_____
ROBERT C. JONES
United States District Judge