UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WORLD CHESS MUSEUM, INC. d/b/a <br> WORLD CHESS HALL OF FAME <br><br> Plaintiff, <br><br> vs. <br><br> WORLD CHESS FEDERATION, INC., <br><br> and <br><br> STAN VAUGHAN, Individually <br><br> Defendants. | Case No. 2:13-CV-00345-RCJ-GWF |

**JUDGMENT BY DEFAULT**

The Court, following entry of default by the Clerk of Court in light of the Court's Order (Doc. 84) granting Plaintiff's Motion for Entry of Default (Doc. 82), and upon consideration of Plaintiff's Motion for Entry of Default Judgment, enters the following judgment by default in favor of Plaintiff World Chess Museum d/b/a World Chess Hall of Fame ("WCHOF"), and against Defendant World Chess Federation, Inc. ("WCF"):

A. The Court finds the following well-pleaded facts established on account of WCF's default:

1. WCHOF is the owner of all right, title and interest in, to, and under the WORLD CHESS HALL OF FAME® mark, which Plaintiff's predecessor in interest first began using at least as early as April 2001. Plaintiff uses the WORLD CHESS HALL OF FAME® mark on and in connection with a variety of non-profit services and goods,

including, but not limited to, exhibition services, retail services, and promotional merchandise such as home goods and glassware.

2. U.S. Chess Trust, Plaintiff's predecessor in interest, filed with the U.S. Patent and Trademark Office an application for the WORLD CHESS HALL OF FAME® mark on August 13, 1999, and the WORLD CHESS HALL OF FAME® mark was registered on March 19, 2002 (U.S. Registration No. 2,551,246). Plaintiff World Chess Hall of Fame is the record owner of that mark and the attendant registration. Plaintiff World Chess Hall of Fame also owns a registration for the U.S. CHESS HALL OF FAME AND MUSEUM® mark (U.S. Registration No. 2,472,756).

3. Plaintiff and its predecessor in interest have continuously used the WORLD CHESS HALL OF FAME® mark and registration in interstate commerce on and in connection with the provision of exhibition services and related services for over ten years, since at least as early as April 2001.

4. The WORLD CHESS HALL OF FAME® mark has been used, and continues to be used, by World Chess Hall of Fame among the relevant consuming public and consumers, to identify the source or origin of World Chess Hall of Fame's high-quality non-profit services and, further, to distinguish such high-quality non-profit services from products and services offered by its competitors and others.

5. WCHOF has expended, and continues to expend, a substantial amount of resources, money, time and effort promoting, marketing, advertising and building consumer recognition and goodwill in its valuable non-profit services and operations under and in connection with its valuable and well-known service marks, including, but not limited to, its WORLD CHESS HALL OF FAME® mark. As a result, the WORLD CHESS HALL OF FAME® mark has become well-known, associated with Plaintiff's services and those

of its predecessor in interest, and has acquired substantial distinctiveness, goodwill, and secondary meaning among the relevant consuming public and consumers.

6. WCHOF and its predecessor in interest are the senior users of the WORLD CHESS HALL OF FAME® mark, and have long and established priority over any rights that WCF may allege in or to Plaintiff's WORLD CHESS HALL OF FAME® mark. WCHOF's continued use of the long-established WORLD CHESS HALL OF FAME® mark does not infringe any of the actual or imagined rights of WCF, including as to the "World Chess Federation" and "World Chess Federation Hall of Fame" phrases/marks and "all goodwill appurtenant thereto," as alleged in WCF's counterclaim.

7. Despite bare assertions of prior rights, and demonstrably false representations, WCF has failed to provide any evidence showing trademark rights in WORLD CHESS FEDERATION HALL OF FAME that may be superior to Plaintiff's rights in its WORLD CHESS HALL OF FAME® mark.

8. Consumers, potential customers, and the relevant public are likely to be confused, and likely have already been actually confused, between Plaintiff's WORLD CHESS HALL OF FAME® mark and WCF's use of WORLD CHESS FEDERATION HALL OF FAME, and are also confused as to the existing rights of WCHOF in view of false and misleading statements of Defendants referenced in the Amended Complaint.

9. These wrongful acts have been knowing and willful.

10. WCF's course of conduct with respect to the trademarks at issue constitute, at least, trademark infringement, unfair competition, and false advertising.

11. Cancellation of the registration for "World Chess Federation", Reg. No. 3695083, registration date October 13, 2009, owned by "World Chess Federation, Inc." as shown in the records of the U.S. Patent and Trademark Office ("WCF Registration"/ "the WCF

Registered Mark") which WCF has asserted against WCHOF, is warranted on the grounds that: the WCF Registered Mark is likely to cause confusion with WORLD CHESS FEDERATION, previously used extensively in this country, which has acquired distinctiveness as a source indicator for FIDE, and which mark WCHOF is entitled to use in reference to its WORLD CHESS HALL OF FAME® services and FIDE's activities in connection with those services; (b) the WCF Registered Mark is merely descriptive and has not acquired distinctiveness as a source indicator for WCF; (c) the WCF Registered Mark has not been used in rendering services in interstate commerce; and (d) upon information and belief, the applicant well knew of the prior use by FIDE of WORLD CHESS FEDERATION, but nonetheless falsely and fraudulently claimed to be the owner of the WORLD CHESS FEDERATION mark, to have the right to use the mark in commerce, and that no other entity had the right to use the mark of any confusingly similar variation thereof in commerce.

12. The signatory of the declaration in support of the WCF Registration (Stan Vaughan) has stated that he was himself a member of the United States Chess Federation as of December 15, 1997, and therefore could not have been ignorant of that entity's membership in FIDE and FIDE's use of WORLD CHESS FEDERATION long prior to WCF's purported adoption of the mark in 1992 and WCF's application to register it in December 2008.

13. That the signatory of the declaration in support of the WCF Registration knew of FIDE's rights in WORLD CHESS FEDERATION at the time of seeking registration is further established by Defendants' statement showing that WCF was created to compete with FIDE.

14. Cancellation of the Nevada State Registration for "World Chess Federation Hall of Fame," Nevada No. E0215832012-6, filed on April 12, 2012 and registered on April 25, 2012 (the "Nevada Registration"/the "Nevada Registered Mark") , which is asserted in WCF's counterclaim to be owned by it, is warranted on the grounds that (a) the Nevada Registered Mark is likely to cause confusion with WORLD CHESS HALL OF FAME®, previously used in commerce and registered with the U.S. Patent and Trademark Office and which has acquired distinctiveness as a source indicator for WCHOF; (b) the Nevada Registered Mark is likely to cause confusion with WORLD CHESS FEDERATION, previously used extensively in this country and which has acquired distinctiveness as a source indicator for FIDE, and which mark WCHOF is entitled to use in reference to its WORLD CHESS HALL OF FAME® services and FIDE's activities in connection with those services; (c) the Nevada Registered Mark has been abandoned; (d) the Nevada Registered Mark was granted improperly; and (e) the Nevada Registration was obtained fraudulently.

B. The established facts constitute:

    a. Trademark infringement by WCF under Section 32 of the Lanham Act (Count I of the Complaint);

    b. Unfair competition and false designation of origin by WCF under Section 43(a) of the Lanham Act (Count II of the Complaint);

    c. State statutory and common law trademark infringement and unfair competition by WCF (Count III of the Complaint);

    d. State statutory and common law trademark dilution by WCF (Count IV of the Complaint);

  e. Grounds for cancellation of the federal registration for "World Chess Federation," as set forth above;

  f. Grounds for cancellation of the Nevada registration for "World Chess Federation Hall of Fame," as set forth above;

  g. False advertising by WCF under the Lanham Act (Count IX of the Complaint); and

  g. Grounds for entry of declaratory relief.

C. There exists between the WCHOF and WCF an actual case or controversy of sufficient immediacy and reality to warrant declaratory relief.

D. Entry of a default judgment is committed to the sound discretion of the district court. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). The case law provides seven factors for a court to consider in exercising its discretion to enter default judgment: (a) the possibility of prejudice to the plaintiff, (b) the merits of the plaintiff's substantive claim, (c) the sufficiency of the complaint, (d) the sum of money at stake in the action, (e) the possibility of dispute concerning material facts, (f) whether the default was due to excusable neglect, and (g) the strong policy underlying the Federal Rules of Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The court takes the well-pleaded factual allegations in the non-defaulting party's complaint as true, except as to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 862 F.2d 915, 917-18 (9th Cir. 1987).

     a. <u>Possibility of Prejudice to the Plaintiff</u>

The first factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. *Carpet Cops, Inc. v. The Carpet Cops, LLC*, Case No. 3:11-cv-561-RCJ-VPC, 2012 WL 3929783, at *2 (D. Nev. Sept. 6, 2012). A plaintiff will suffer prejudice if its ability to pursue its claim will be hindered. *Id.*; *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984). Here, WCF

6

has not retained counsel as ordered by the Court (and it has failed to timely respond to the Amended Complaint). WCHOF therefore cannot pursue its claims unless default judgment is entered.

b. Merits of the Claims and Sufficiency of the Complaint

The second and third factors favor default judgment if the complaint alleges sufficient facts to state a claim upon which relief may be granted, in accordance with Fed. R. Civ. P. 8(a). *Carpet Cops, Inc.*, 2012 WL 3929783, at *3. The complaint need only plead sufficient facts to state a claim to relief that is plausible on its face. *Id.* (and cases cited therein). The facts set forth above, established on account of WCF's default, establish that WCHOF is entitled to the relief sought.

c. Sum of Money at Stake

The fourth factor weighs against default judgment when there is a substantial amount of money involved. *Eitel*, 782 F.2d at 1471. Here, WCHOF does not seek monetary damages by its motion for default judgment. Inasmuch as there is no money at stake, this factor favors default judgment.

d. Possibility of a Dispute Concerning Material Facts

As shown above, WCHOF has alleged sufficient facts to establish its claims. Well-pleaded allegations are admitted by WCF's failure to respond to the Amended Complaint, and its failure to retain counsel to continue to defend this matter. *Lagos v. Monster Painting, Inc.*, Case No. 2:11-cv-331-LRH-GWF, 2013 WL 5937661, at *4 (D. Nev. Nov. 5, 2013). Defendant WCF has had ample opportunity to contest the facts alleged in the Amended Complaint, and has failed to do so. *See id.*

e. Excusable Neglect

The sixth factor favors default judgment where the nonresponsive party's default was not due to excusable neglect. *Carpet Cops, Inc.*, 2012 WL 3929783, at *6. Here, Defendant WCF was served with the Amended Complaint on October 21, 2013, and with the Order granting leave to

7

4610010.1

amend on December 17, 2013. Furthermore, on May 20, 2015, Defendant WCF was served with the Court's order directing it to retain new counsel by June 22, 2015 or face default. WCF failed to retain counsel by that date, and the Clerk entered default against it on July 29, 2015. Defendant WCF has still not retained new counsel to appear in this case, and has still not responded to the Amended Complaint. This factor favors granting default judgment. *See id.*

f. Policy Favoring Decision on the Merits

Cases should be decided on the merits when reasonably possible. *Id.* "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (internal quotations omitted). Moreover, a defendant's failure to answer a complaint or to otherwise defend the action "makes a decision on the merits impractical, if not impossible." *Id.* "Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id.* Accordingly, default judgment will be entered against Defendant WCF.

E. The Court does hereby:

1. Enter a permanent injunction restraining Defendant WCF and its employees, partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from using the WORLD CHESS HALL OF FAME® mark and/or any confusingly similar variations thereof (including but not limited to "WORLD CHESS FEDERATION HALL OF FAME"), in any manner or form, or any other reproduction, counterfeit, copy or colorable imitation of such mark, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promotion, business, manufacture, distribution, offer for sale, sale, and provision of Defendant WCF's services or goods, including filing applications with the U.S. Patent and Trademark Office or other governmental entities to register such

marks and/or registering domain names incorporating such marks; from otherwise infringing and/or diluting the distinctive nature of Plaintiff's WORLD CHESS HALL OF FAME® mark; and from otherwise competing unfairly with WCHOF.

2. Order Defendant WCF to destroy and/or obliterate from any and all labels, signs, brochures, advertisements, stationery, leaflets, and other items in its possession, or under its control, upon which appear or reflect the WORLD CHESS HALL OF FAME® mark, and/or any confusingly similar variations thereof (including but not limited to "WORLD CHESS FEDERATION HALL OF FAME"), in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of Plaintiff's WORLD CHESS HALL OF FAME® mark, either alone or in combination with any designation, and all plates, molds, matrices and other means of making the same;

3. Adjudge that Defendant WCF has infringed and willfully infringed Plaintiff's WORLD CHESS HALL OF FAME® mark;

4. Adjudge that Defendant WCF has committed unfair competition and false designation of origin by using Plaintiff's WORLD CHESS HALL OF FAME® mark, and that such acts are willful;

5. Adjudge that Defendant WCF has diluted and willfully diluted Plaintiff's WORLD CHESS HALL OF FAME® mark;

6. Order Defendant WCF to cease further diluting and infringing the WORLD CHESS HALL OF FAME® mark and damaging Plaintiff's goodwill;

7. Declare that WCHOF's use of the WORLD CHESS HALL OF FAME® mark does not infringe the purported rights of WCF including as to the "World Chess Federation" and "World Chess Federation Hall of Fame" phrases/marks and "all goodwill appurtenant

9

46100101.1

thereto" and does not constitute trademark infringement, false designation of origin, false advertising, or unfair competition, or otherwise violate 15 U.S.C. §§ 1114 or 1125;

8. Declare that, because Plaintiff's predecessor's earlier use of the WORLD CHESS HALL OF FAME® mark establishes that Plaintiff has priority over Defendant WCF's later alleged use of the mark WORLD CHESS FEDERATION HALL OF FAME, Defendant WCF is violating and infringing Plaintiff's rights in, to, and under its WORLD CHESS HALL OF FAME® mark;

9. Declare that World Chess Hall of Fame has the right to continue use of its WORLD CHESS HALL OF FAME® mark in connection with exhibition services, retail services, promotional merchandise, and any zones of natural expansion for related goods and/or services, throughout the United States;

10. Cancel the registration for "World Chess Federation", Reg. No. 3695083, registration date October 13, 2009;

11. Cancel the Nevada State Registration for "World Chess Federation Hall of Fame," Nevada No. E0215832012-6, filed on April 12, 2012 and registered on April 25, 2012;

12. Dismiss all claims against Defendant Stan Vaughan, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2);

13. Find that there is no just reason to delay in entering this judgment as to fewer than all defendants, as instant relief is directed to WCF, largely as to allegations made also by it in its counterclaim; and no monetary relief is requested by WCHOF, or awarded through this judgment; and

14. Retain jurisdiction over this cause as pertains to WCF for the purpose of enforcing the terms of this Judgment, if and as necessary.

SO ORDERED:  _____
United States District Judge


DATE: _September 24, 2015